# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY ROSHON ROBERTS, SR., | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-11-284-M |
| | ) |
| JOSEPH TAYLOR, Warden, | ) |
| | ) |
|     **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Invoking 42 U.S.C. § 1983, Plaintiff, a state prisoner appearing pro se, sues Cimarron Correctional Facility[1] (CCF) Warden Joseph Taylor. *See* Doc. No. 9. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

In accordance with the undersigned's order and with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), CCF has conventionally filed a Special Report. *See* Doc. No. 24. Defendant has filed a Motion to Dismiss [Doc. No. 25], and Plaintiff has filed a Motion in Opposition [Doc. No. 27]. For the reasons that follow, the undersigned recommends that Defendant's motion be granted and the action dismissed.

## Plaintiff's Amended Complaint

Plaintiff's overriding claim challenges his placement in CCF's "Intensive Supervision Unit (ISU)," allegedly in retaliation for being a "jailhouse lawyer" and in violation of due

---

[1] Although Plaintiff was incarcerated at CCF at the time he filed his complaint, he has since been transferred to the Davis Correctional Facility in Holdenville, Oklahoma. *See* Notice of Change of Address [Doc. No 19].

process. Doc. No. 9, pp. 5, 10.[2] In addition, Plaintiff lists a litany of complaints regarding the conditions of the ISU and the consequences of being housed in the unit. Plaintiff's allegations include: (1) inadequate heating and lack of blankets, (2) access to cleaning supplies only on Tuesdays and Thursdays, (3) a lack of access to adequate mental health treatment, (4) inoperable medical emergency intercoms, (5) mental anguish from other inmates flooding cell floors and kicking and banging on cell doors, (6) the placement of curtains on cell windows, (7) a lack of outdoor shelter to allow recreation during poor weather conditions, (8) difficulty in obtaining parole consideration and demotion in credit status, (9) a restriction on personal property, (10) the use of restraints while being escorted to showers and recreation, (11) a delay in photocopying legal papers, and (12) a deprivation in sufficient access to the courts. *Id.*, pp. 4-9.

### **Preliminary Recommendations**

In addition to his Motion in Opposition to Defendant's Motion to Dismiss, Plaintiff filed a motion [Doc. No. 26] requesting that the Court "deny" Defendant's motion (presumably the motion to dismiss) "pursuant to Fed.R.Civ.P (4) and Fed.R.Civ.P. (55)" and permit Plaintiff "to proceed with the filing of his request for entry of default judgment." *See* Doc. No. 26 at 1. Thereafter, Plaintiff filed a "Request for Clerk to Make Entry of Default" (Plaintiff's Request) [Doc. No. 28], which has not, to date, been acted upon by the Clerk. Defendant has filed a Response [Doc. No. 29] to Plaintiff's Request.

---

[2] Plaintiff did not include page numbers on the amended complaint. The undersigned has used the CMECF pagination.

In support of his claim for an entry of default against Defendant, Plaintiff contends that Defendant was "served with proces and a copy of the complaint on September 2, 2011 and was given sixty (60) days in which to respond to the complaint and file a special report to the court[.]"[3] Plaintiff further asserts that "[t]he record indicates that the Defendant was served by U.S. Marshals service with summons and a copy of the complaint on September 2, 2011." Plaintiff concludes therefore that Defendant's response on November 17, 2011 was untimely. In response, Defendant asserts that he was served with process at CCF on September 22, 2011, which "Notice . . . specified that a response was due within 60 days after September 19, 2011." Defendant's Response at 2. Therefore, Defendant contends his Entry of Appearance, Special Report and Motion to Dismiss, all filed on November 17, 2011, were timely and Plaintiff has no basis for an entry of default. *Id.*

Contrary to Plaintiff's assertions, there is no record of Defendant having been served on September 2, 2011. Rather, the Court's docket reflects that issuance of the summons was not requested by Plaintiff until September 12, 2011, and that a summons was electronically issued to Defendant Taylor and delivered to the United States Marshal for service on September 13, 2011. Such summons advises that Defendant must plead or file a motion within 21 days of service. *See* Doc. No. 22. According to the Court's docket, a process receipt and return of this summons was filed by the United States Marshal on January 5, 2012, reflecting service of the summons on December 30, 2011, in which case, Defendant

---

[3]Unless otherwise indicated, quotations in this report are reproduced verbatim.

was not required to respond until January 20, 2012.

Defendant's claim that he was served with process on September 22, 2011 is also not reflected by the Court's docket. In support of this claim, Defendant offers a copy of a waiver of service which does, as Defendant asserts, advise that Defendant's response to the complaint must be served on Plaintiff "within 60 days after September 19, 2011." Defendant's Response, Ex. 2. Using that date, Defendant's responsive pleading would have been due on November 18, 2011. However, that waiver is unexecuted and was never filed with the Court.

In any event, whether Defendant waived service by executing the waiver or was served on December 30, 2011, his entry of appearance and Motion to Dismiss filed on November 17, 2011, were timely. Clearly, Plaintiff has failed to demonstrate that Defendant was in default, and his request for default [Doc. No. 28] should be denied.

Plaintiff's motion [Doc. No. 26] alleging that Defendant was in default and requesting denial of Defendant's motion to dismiss, should also be denied. As previously discussed, Plaintiff has not shown that Defendant was in default. Moreover, for the reasons set forth hereafter, the undersigned finds that Defendant has demonstrated that Plaintiff's complaint should be dismissed. To the extent the motion requests that Plaintiff be allowed to proceed with a request for entry of default, the motion should be denied as moot. Plaintiff did, in fact, file his request, albeit without success.

## Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010).

Ordinarily, a motion to dismiss is confined to the four-corners of the complaint. However, in considering Defendant's defense of nonexhaustion, the Court may consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir.2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007); *see also Williams v. Sirmon*, 350 Fed. Appx. 294, 297 (10th Cir. 2009) (noting with apparent approval the district court's consideration of administrative materials in deciding a motion to dismiss based on nonexhaustion of prison remedies).

## Exhaustion of Administrative Remedies

Defendant seeks dismissal of all but one of Plaintiff's claims based on nonexhaustion of administrative remedies. *See* Doc. No. 25, pp. 3-11. Because "no unexhausted claim may be considered[,]" *Jones,* 549 U.S. at 220, the undersigned has addressed the issue of exhaustion before considering the merits of Plaintiff's case.

### I. The Statutory Exhaustion Requirement

The Prison Litigation Reform Act of 1995 ("PLRA") requires that a prisoner exhaust *all* available administrative remedies before resorting to a § 1983 action in federal court.

Specifically, 42 U.S.C. § 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id*. In construing this legislation, the United States Supreme Court has determined "that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones,* 549 U.S. at 211. A prisoner, such as Plaintiff, successfully exhausts administrative remedies by *properly* completing the administrative review process established by the prison grievance procedure. *Id.* at 218; *see also Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

## II. The Administrative Process

Defendant contends – and Plaintiff does not argue otherwise – that prior to initiating this lawsuit Plaintiff was required to exhaust administrative remedies pursuant to the Oklahoma Department of Corrections (DOC) grievance procedures,[4] OP-090124 (effect. Sept. 8, 2009).[5]

---

[4] Defendant also attaches the CCF grievance policy and generally argues that it is available for addressing particular matters at CCF. *See* Doc. No. 24, Ex. 3; Doc. No. 25, pp. 3-4. Plaintiff states in his response that the grievance procedures at CCF "could prove to be ineffective as it requires prisoners to use CCA forms." Doc. No. 27, p. 2. The Court need not decide whether the CCF policy was available or effective however because the record demonstrates that Plaintiff took advantage of the DOC grievance policy, none of his grievances were rejected on grounds that they should have been raised under the CCF grievance policy, and Defendant makes no argument for dismissal based on Plaintiff's failure to use the CCF policy.

[5] For reasons that are unclear, the Special Report contains a DOC grievance policy from 2007. *See* Doc. No. 24, Ex. 2. However, the policy had been amended by the time Plaintiff began filing the relevant grievances in 2010; consequently, the undersigned has taken judicial notice of the

To properly utilize those procedures, Plaintiff was first required to attempt informal resolution with a staff member. *See* OP-090124, p. 4. If that attempt was unsuccessful, Plaintiff could file a request to staff. *See id.* And, if he remained dissatisfied, Plaintiff had the opportunity to file a grievance. *See id.*, p. 5. However, once Plaintiff was placed on grievance restriction, he was required to submit with any grievance "a duly verified affidavit," "stating that all the contents of the grievance are true and correct" and listing "by grievance number, date, description, and disposition at each level, . . . all grievances previously submitted . . . within the last 12 months." *Id.*, p. 13. If Plaintiff remained dissatisfied at that level, he could then appeal to the DOC administrative review authority. *See id.*, p. 9.

### III.  Plaintiff's Exhaustion Attempts

The grievance logs[6] submitted as part of the Special Report reflect that in 2010-2011,[7]

---

policy which was in effect at the relevant time.

[6] Because the grievance logs are not paginated, references thereto are to CMECF pagination.

[7] The log also reflects three grievances filed by Plaintiff in 2009. *See* Doc. No. 24, Ex. 5, p. 3. Defendant states that none of the 2009 grievances are relevant to Plaintiff's current claims; therefore, copies of those grievances are not included in the Special Report. *See id.*, p. 7. Plaintiff does not disagree with Defendant's assertion. However, the undersigned notes that according to the log "comments," one grievance in December of 2009 dealt with Plaintiff's desire "to clean his cell." *Id.*, Ex. 5, p. 3. It is unclear whether this grievance included a specific complaint regarding cleaning supplies being available only on Tuesdays and Thursdays; nevertheless, the Special Report indicates that the grievance was returned, *see id.*, and as explained herein, would therefore be unexhausted. In any event, the undersigned notes that Plaintiff's claim would fail to state a valid claim for relief even if it were addressed on the merits. Although the Eighth Amendment might be implicated if Plaintiff were denied cleaning supplies for weeks or months at a time, *see Barney v. Pulsipher*, 143 F.3d 1299, 1311-12 (10th Cir. 1998) (citing *Hutto v. Finney*, 437 U.S. 678 (1978)), because Plaintiff acknowledges that he receives cleaning supplies every Tuesday and Thursday, Plaintiff is without cleaning supplies for at most four days, from Friday to Monday. A lack of cleaning supplies for that

7

Plaintiff filed 16 grievances with CCF and DOC officials. Doc. No. 24, Ex. 5, pp. 5, 14-17. However, none of those 16 grievances include any mention of: (1) placement in ISU as a retaliation for being a "jailhouse lawyer" or in violation of due process, (2) inadequate heating and lack of blankets, (3) access to cleaning supplies only on Tuesdays and Thursdays, (4) a lack of access to mental health treatment, (5) mental anguish from other inmates flooding cell floors and kicking and banging on cell doors, (6) difficulty in obtaining parole consideration, or (7) the use of restraints while being escorted to showers and recreation. *See* Doc. No. 24, pp. 8-13 & Ex. 6, pp. 1-107. Because the record establishes that Plaintiff has not given prison officials any opportunity to investigate or address these concerns, such claims are unexhausted and Defendant's motion to dismiss should be granted as to these allegations.

Plaintiff did file grievances concerning: (1) inoperable medical emergency intercoms, (2) the use of curtains on cell windows, (3) decreased credit status, (4) a restriction on personal property, (5) a delay in photocopying legal papers, and (6) a deprivation in sufficient access to the courts. *See id.*, pp. 8-11, 13 & Ex. 6, pp. 1-4, 23-29, 52-63, 73-85, 99-107. However, the record reflects that all of these grievances were rejected at either the CCF reviewing authority or the DOC administrative review authority levels for procedural deficiencies. *See id.* The failure to comply with the administrative procedural requirements

---

short period of time does not rise to the level of a constitutional violation. *See id.* at 1312; *see also Estrada v. Kruse*, 38 Fed. Appx. 498, 498-99 (10th Cir. 2002) (affirming dismissal of prisoner's claim that placement in a cell for five nights without cleaning supplies violated the Eighth Amendment).

is fatal to these claims. *See Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) ("To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002))).

Plaintiff did properly complete the grievances process on one claim, involving the lack of outdoor shelter to allow for recreation time during inclement weather. *See* Doc. No. 24, p. 9 & Ex. 6, pp. 30-39. As Defendant recognizes, this claim is exhausted.

### IV. The Availability of the Exhaustion Process

Plaintiff suggests that for the unexhausted claims, the grievance process was "unavailable" because: (1) he was on grievance restriction, (2) the administrative review authority lacks the ability to return appeals unanswered, (3) officials may not retaliate for the filing of grievances, and (4) inmates are allowed to file "sensitive" or "emergency" grievances. Doc. No. 9, p. 12; Doc. No. 27, p. 2. Because Defendant has shown both the existence of a grievance process and demonstrated Plaintiff's failure to properly utilize that process, the burden shifts to Plaintiff to show the remedies were unavailable. *See Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). The undersigned finds Plaintiff's arguments on the subject to be conclusory and without merit.

As to his first allegation, Plaintiff's argument that his placement on grievance restriction prohibited him from filing grievances is incorrect. The DOC policy allows for inmates on grievance restriction to file grievances with the proper documentation.

For his second argument, Plaintiff relies on *Little v. Jones*, 607 F.3d 1245 (10th Cir.

2010) to support his theory that the administrative review authority lacked the ability to return his grievances unanswered. *See* Doc. No. 27, p. 2. However, the DOC polices were amended to include such authority in July 2010, several months before Plaintiff began filing relevant grievances. *See* OP-090124 Addendum-01(eff. July 27, 2010)).

Regarding the remaining arguments, Plaintiff merely recites certain facts - that inmates cannot be retaliated against and are allowed to file "sensitive" and "emergency" grievances. However, Plaintiff fails to suggest how these two statements result in the grievance process being unavailable. Such conclusory remarks are insufficient to carry Plaintiff's burden. *See, e.g., Ashcroft v. Iqbal*, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based" (citation omitted)).

## V. Summary

Defendant carried his burden of demonstrating the existence of a grievance process and Plaintiff's failure to properly utilize those procedures. Plaintiff, conversely, failed to show that he had properly utilized such procedure or that the grievance process was unavailable. Accordingly, based on nonexhaustion of administrative remedies, the undersigned recommends granting Defendant dismissal on all but the claim regarding the lack of outdoor shelter.

**Alleged Cruel and Unusual Punishment**

Plaintiff's only exhausted claim alleges cruel and unusual punishment based on the lack of outdoor shelter which would allow inmates to remain outside during poor weather conditions. Defendant maintains that Plaintiff's allegation fails to state a valid claim for relief under the Eighth Amendment, and the undersigned agrees.

The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). However, to state a valid claim under this standard, Plaintiff must show that the deprivation is "sufficiently serious." *Id.* at 834.

Plaintiff has raised this exact allegation - that the lack of outdoor shelter prevents recreation on rainy days - in a prior complaint, and this Court dismissed the claim without prejudice for failing to state a valid claim under *Farmer v. Brennan*. *See Roberts v. Jones*, No. CIV-11-33-M, 2011 WL 665605, at *4 (W.D. Okla. Feb. 4, 2011) (concluding that "Plaintiff's allegation that he has no opportunity to exercise on rainy days falls short of the requirements for stating an Eighth Amendment claim"), *adopted*, No. CIV-11-33-M, 2011 WL 665620 (W.D. Okla. Feb. 15, 2011). Plaintiff has simply re-alleged the same claim here and the undersigned concludes that Plaintiff's allegation remains inadequate to state an Eighth Amendment violation. Accordingly, Defendant's motion to dismiss should be granted as to this claim.

**RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons set forth above, it is the recommendation of the undersigned

11

Magistrate Judge that Plaintiff's motion for entry of default [Doc. No. 28] and motion to "deny" Defendant's dispositive motion [Doc. No. 26] be denied and Defendant's motion to dismiss [Doc. No. 25] be granted.

The parties are advised of their right to object to this Report and Recommendation by March 20, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 29th day of February, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE